# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ERIC J. KELLY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(PHS )PRISON HEALTH SERV. )<br>CHATHAM COUNT DET. CENTER )<br>1050 CARL GRIFFIN DR. )<br>SAVANNAH, GA 3405, )<br>)<br>Defendant. ) | Case No. CV410-187 |

## ORDER

Plaintiff Eric J. Kelly has filed this 42 U.S.C. § 1983 prisoner conditions action alleging that defendant Prison Health Services has deprived him of necessary medical care. Doc. 1 at 5-6. While the Court has granted him leave proceed *in forma pauperis* and he has submitted his IFP forms, docs. 3-5, nevertheless the Court, upon further review, **ORDERS** him to show cause why this case should not be dismissed for deliberately misleading this Court.

The civil complaint form question 1(B) requires plaintiffs to disclose whether they have brought any other federal lawsuits while incarcerated, and question 1(C) asks whether any federal *in forma pauperis* lawsuit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. Doc. 1 at 2-3. Kelly checked "no" to the Question 1(B), and simply ignored Question 1(C). *Id.* The U.S. Party/Case Index (PACER) reveals, however, that he filed and voluntarily dismissed a civil rights action in *Kelly v. Pardon and Paroles*, No. CV196-2346 (N.D. Ga. Oct. 25, 1996); had a similarly named case dismissed for want of prosecution, *Kelly v. Pardon and Paroles*, No. CV196-2370 (N.D. Ga. Mar. 7, 1997); suffered a "frivolous" dismissal with prejudice in *Kelly v. Davis*, No. CV494-269 (S.D. Ga. Jan. 4, 1995); and litigated another civil rights case to settlement in *Kelly v. Fries*, No. CV494-156 (S.D. Ga. Aug. 16, 1995).

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT &

ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 2010 WL 2170970 at *1 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under

penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

While a prisoner's pro se pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court's inquiries is sanctionable conduct and undermines the administration of justice. The Court is of the opinion that Kelly, in bad faith, attempted to mislead the Court as to his filing history, and thus an appropriate sanction is to dismiss his claim without prejudice and to warn him that such false responses will not be tolerated and may result in more severe and long-term sanctions in the future. Such a dismissal will count as a 28 U.S.C. § 1915(g) strike against him. *Pinson v. Grimes*, 2010 WL 3096147 at * 2 (11th Cir. Aug. 2010).

Prior to imposing Rule 11 sanctions, the Court must "order . . . [plaintiff] to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Too, due process must be satisfied in determining whether bad faith supports dismissal under the Court's inherent power. *Young*, 2010 WL 2170970 at *2. Due

process requires that "the sanctionee have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing." *Id.* Accordingly, the Court **ORDERS** plaintiff to show cause within fourteen days from the date of this Order why his case should not be dismissed for his failure to answer honestly question 1(B), and for ignoring question 1(C), on the civil complaint form. If plaintiff fails to respond adequately within fourteen days of this Order, his claim will likely be dismissed without prejudice for his abuse of the judicial process. *See Morefield v. DuPree*, No. CV607-054, 2008 WL 5100926 at * 3 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020 at *1 (S.D. Ga. Mar. 15, 2007) (same).

**SO ORDERED** this 15th day of September, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA